

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: _8/15/2025__

August 14, 2025

<u>VIA ECF</u>

Hon. Valerie Caproni, U.S.D.J.
United States District Court
Southern District of New York
40 Foley Square
New York, New York 10007



Re: *Advanced Technologies Group, Inc. v. L3Harris Technologies,*
*Inc. F/K/A L3 Technologies, Inc.*, Case No. 25-cv-06650-VEC

Dear Judge Caproni,

We represent Plaintiff Advanced Technologies Group, Inc. ("ATGI") in connection with the above-referenced case, filed this past Tuesday. ATGI submits this letter motion in accordance with Judge Gregory Woods' August 7, 2025, order provisionally sealing portions of ATGI's complaint and ordering ATGI to submit an application to Your Honor by August 14, 2025 "in order to permit review of the proposed redactions by the assigned district judge." (*See* Ex. A.) Accordingly, ATGI respectfully moves this Court to indefinitely extend Judge Woods' provision seal of parts of ATGI's Complaint, which is set to expire on August 21, 2025.

ATGI recognizes that Your Honor typically requires letter motions to indicate whether the opposing party—here, L3Harris Technologies, Inc. ("L3")—consents to the proposed sealing. (Individual Practices Rule 5(B)(ii).) However, given that L3 has not yet been served with a summons and Complaint (and likely does not yet have counsel) and given Judge Woods' August 14 deadline, we are submitting this letter motion without that information. We would be happy to supplement our motion with this information as soon as practicable. Should Your Honor wish to not rule on our motion *ex parte*, we alternatively request an order extending the partial seal until L3's position can be ascertained.

## I.    Background

On July 31, 2025, ATGI filed a motion to partially seal its Complaint against L3. That motion was granted on August 7, 2025, by Judge Gregory Woods, who ordered the present case to be filed with a redacted complaint for public view and an unredacted

complaint under seal.  (Ex. A.)  Judge Woods' order set the sealing to expire on August 21, 2025, "unless extended by order of the judge to whom the case is assigned" in order to "permit review of the proposed redactions by the assigned district judge."  (*Id.*)  ATGI was ordered to submit an application to continue the seal to the assigned district judge no later than August 14, 2025.  (*Id.*)

## II.  Legal Standard

Courts in the Second Circuit conduct "a three-part analysis" in determining whether to seal documents.  *Hooks v. Bridge Street Glob. Hosp.*, 2025 U.S. Dist. LEXIS 145193, at *3 (S.D.N.Y. July 29, 2025).  *First*, the Court looks to whether the document is a "judicial document."  *Id.* (citing *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119 (2d Cir. 2006)).  *Second*, if the answer to that question is affirmative, the Court then "must determine the weight of the presumption of access."  *Id.* (citing *Lugosch*, 435 F.3d at 119).  *Third*, the Court then balances any competing considerations against that presumption of access.  *Id.* (citing *Lugosch*, 435 F.3d at 120).  ATGI does not contest that its Complaint constitutes a "judicial document," and thus only addresses the second and third elements.

"The weight to be given the presumption of access must be governed by the role of the material at issue in the exercise of Article III judicial power and the resultant value of such information to those monitoring the federal courts."  *Lugosch*, 435 F.3d at 119.  "Competing considerations" include "the privacy interests of those resisting disclosure, such as trade secrets and sources of business information that might harm a litigant's competitive standing."  *Dodona I, LLC v. Goldman, Sachs & Co.*, 119 F. Supp. 3d 152, 154–55 (S.D.N.Y. 2015).  "If such factors outweigh the value to the public of accessing the document at issue, then that document should be sealed."  *Matter of Upper Brook Cos.*, No. 22-MC-97 (PKC), 2023 WL 172003, at *1 (S.D.N.Y. Jan. 12, 2023).

## III.  Argument

ATGI's Complaint alleges, *inter alia*, that L3 misappropriated and disclosed ATGI's trade secrets and proprietary information in violation of federal and state law, as well as in breach of numerous proprietary information agreements ("PIAs") signed by the parties.  ATGI's Complaint contains two categories of sensitive material that ATGI seeks to redact—(1) ATGI's trade secrets; and (2) material that could potentially be L3's business information.  ATGI only wishes to maintain partial redactions to its Complaint and, thus, has applied limited redactions in line with these two categories.  (*See* Ex. B. (proposed redactions in grey highlighting).)  For the foregoing reasons, the privacy interests at issue outweigh any interest to public access and, accordingly, qualify for continued sealing.

**First**, the Complaint contains numerous examples of ATGI's trade secrets and proprietary information regarding its Ram-Air Turbine ("RAT") design, known as an Air-Driven Power Generation system ("APG"). The APG is ATGI's unique turbine assembly technology created for use by U.S. Navy in the defense industry for purposes of improving electronic warfare capabilities. The Complaint explains, in detail, what sensitive and proprietary information ATGI provided to L3 under several PIAs, and what information L3 then allegedly misappropriated and improperly disclosed.

This Court frequently permits such information to be sealed. *See, e.g., Kewazinga Corp. v. Microsoft Corp.,* 2021 U.S. Dist. LEXIS 62974, at *15 (S.D.N.Y. Mar. 31, 2021) ("Examples of commonly sealed documents include those containing 'trade secrets, confidential research and development information, marketing plans, revenue information, pricing information, and the like.'"); *Hesse v. Sungard Sys. Int'l*, 2013 U.S. Dist. LEXIS 7289, at *6 (S.D.N.Y. Jan. 14, 2013) ("Courts have limited public access to sensitive business information by sealing portions of the record, finding that safeguarding trade secrets can overcome the presumption of access."); *Encyclopedia Brown Prods., Ltd. v. Home Box Off., Inc.*, 26 F. Supp. 2d 606, 612 (S.D.N.Y. 1998) (collecting cases).

ATGI asks that Your Honor do so here, as its privacy interests outweigh any public interest in accessing the technical details of ATGI's trade secrets. ATGI vigorously protects this information's secrecy and has not disclosed it to any third-party except under non-disclosure agreements. It would be damaging to ATGI's competitive position were this information publicly available to its competitors. ATGI has only proposed limited redactions "narrowly tailored to protect commercially sensitive and confidential information." *See, e.g., Regeneron Pharms., Inc. v. Novartis Pharma AG*, 2021 WL 243943, at *2 (S.D.N.Y. Jan. 25, 2021). The details of ATGI's trade secrets are not significantly valuable to those monitoring the docket because the substance of ATGI's allegations can be understood in full without them. (*See* Ex. B.)

**Second**, the Complaint describes various aspects of L3's business dealings such as, for example, the content of emails to ATGI and others and the identities of third-party business partners. ATGI and L3 have entered into at least seven different PIAs, each of which protect against one party's disclosure of the other party's "business" and "technical" information. As a cautionary matter, ATGI seeks to redact emails and descriptions of L3's business dealings to avoid a potential breach of the PIAs. ATGI takes no position at this time as to whether the redacted information in fact constitutes L3's business information under the PIAs.

For these reasons, ATGI requests that Your Honor issue an order continuing Judge Woods' provisional seal of parts of ATGI's Complaint against L3 indefinitely. Alternatively, ATGI requests that Your Honor extend the seal beyond its August 21 expiration until L3's position on ATGI's redactions can be ascertained.

Respectfully Submitted,

*/s/ Bethany Labrinos*
Bethany Labrinos

Michael Calhoon*
Andrew George*
Bethany Labrinos (NY Reg. 5932538)
**Bourelly, George + Brodey PLLC**
1050 30th Street NW
Washington, D.C. 20007
(202) 841-4039
(202) 341-8805
(845) 633-4240
michael.calhoon@bgblawyers.com
andrew.george@bgblawyers.com
bethany.labrinos@bgblawyers.com

*Attorneys for Advanced Technologies Group, Inc.*

     **\*Pro hac vice** applications are forthcoming.

Application GRANTED.  The Court finds preliminarily that Plaintiff's redactions effectively balance its asserted privacy interests against the right of public access to judicial documents.  *See Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-20 (2d Cir. 2006).  The Court, however, requires Defendant's view on the propriety of the redactions.

By **two weeks** after Defendant appears in this action, it must meet and confer with Plaintiff and file a joint letter detailing the parties' position(s) on whether the redactions are overbroad.

Plaintiff is directed to serve a copy of this Order on Defendant and file proof of service on the docket by **Wednesday, August 20, 2025**.

SO ORDERED.

8/15/2025

HON. VALERIE CAPRONI
UNITED STATES DISTRICT JUDGE