USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:__12/9/2025__

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| ADVANCED TECHNOLOGIES GROUP, INC.,<br><br>Plaintiff,<br><br>v.<br><br>L3HARRIS TECHNOLOGIES, INC. F/K/A L3 TECHNOLOGIES, INC.,<br><br>Defendant. | Case No. 25-cv-06650-VEC |

## ~~[PROPOSED]~~ STIPULATION AND PROTECTIVE ORDER FOR THE PRODUCTION AND EXCHANGE OF CONFIDENTIAL INFORMATION AND EXPORT CONTROLLED AND RESTRICTED DOCUMENTS

Defendant L3Harris Technologies, Inc. ("L3Harris" or "Defendant") and Advanced Technology Group, Inc.'s ("ATGI" or "Plaintiff") (collectively, the "Parties"), pursuant to Federal Rule of Civil Procedure 26(c), request the entry of a protective order concerning the production of documents and things that are trade secrets or other confidential research, development, or commercial information. The parties also seek entry of a protective order providing guidance for the production of documents and things that fall within the protections of export control laws or are otherwise subject to restrictive regulations of the United States. Each party will be independently responsible for complying with any such export control laws or other restrictions. The Parties, by, between, and among their respective counsel, having stipulated to and agreed to the terms of this stipulation as follows.

It is ORDERED that:

1

1.      This stipulation is entered to facilitate the production, exchange and discovery of documents and information that the Parties and, as appropriate, non-parties, agree merit confidential treatment ("Documents" or "Testimony").

2.      Definitions of terms used in this stipulation:

    a.  "Protected Material" shall mean all Documents, Testimony, or information designated as "Confidential – Subject to Protective Order," "Attorneys' Eyes Only," "Export-Control-Restricted" or otherwise containing Controlled Unclassified Information ("CUI"), including briefs, motions, memoranda, or other filings that summarize and/or excerpt such materials. Protected Materials shall not include (i) published advertising materials, and (ii) materials that are otherwise known or available to the general public.  Protected Material does not include information classified for reasons of national security.

    b.  "Confidential Information" shall mean all Documents and Testimony, and all information contained therein, and other information designated as "Confidential – Subject to Protective Order," that may include trade secrets, proprietary business information, competitively sensitive information, Export-Control-Restricted Information, CUI, or other information, the disclosure of which would, in the good faith judgment of the Party or, as appropriate, non-party designating the material as confidential, be detrimental to the conduct of that Party's or non-party's business or the business of any of that Party's or non-party's customers or clients.

    c.  "Attorneys' Eyes Only Information" shall mean all Documents and Testimony, and all information contained therein, and other information designated as

Attorneys' Eyes Only, that is so sensitive that its disclosure to another party in the Action or a non-party would create substantial risk of serious competitive, commercial, financial, or other injury to a party or its customers and for which the procedures in this Protective Order addressing "Confidential" information would be insufficient to prevent the substantial risk of serious competitive, commercial, financial, or other injury to a party or its customers.

d. "Export-Control-Restricted Information" shall mean all Documents and Testimony, all information contained therein, and other information subject to the requirements of U.S. export and import-control regulations, including, but not limited to, the U.S. Arms Export Control Act, as amended, 22 U.S.C. §§ 2751-2799, the International Traffic In Arms Regulations ("ITAR"), as amended, 22 C.F.R. §§ 120-130, the Export Administration Act, as amended, 50 U.S.C. §§ 2401-2420, and/or the U.S. Export Administration Regulations, as amended, 15 C.F.R. §§ 730, et seq. (collectively, "U.S. Export Control Laws"), as well as information within the protections of Department of Defense Federal Acquisition Regulation Supplement (DFARS) 252.204-7012, "Safeguarding Covered Defense Information and Cyber Incident Reporting" and NIST 800-171, "Protecting Controlled Unclassified Information in Nonfederal Information Systems and Organizations" (collectively "DFARS Laws"). Improper dissemination of such Export-Control-Restricted Information could lead to significant fines imposed by the U.S. Government and other potential penalties.

3

e. Controlled Unclassified Information ("CUI"), including Legacy For Official Use Only ("FOUO") and Covered Defense Information, shall mean all Documents and Testimony, all information contained therein, and other information subject to the requirements of Executive Order (E.O.) 13556; Part 2002 of Title 32, Code of Federal Regulations (CFR); and Defense Federal Acquisition Regulation Supplement (DFARS) Sections 252.204-7008 and 252.204-7012. CUI includes but is not limited to information the government creates or possesses, or that an entity creates or possesses for or on behalf of the government, that a law, regulation, or government-wide policy requires or permits an agency to handle using safeguarding or dissemination controls on the information.

f. "Producing Party" shall mean the Parties to this action and any non-parties producing Protected Material in connection with depositions, Document production, subpoenas, or otherwise, or the Party or non-party designating a Document or Testimony as "Confidential – Subject to Protective Order," or "Attorneys' Eyes Only," as the case may be.

g. "Receiving Party" shall mean the Parties to this action and/or any non-party receiving Protected Material in connection with depositions, Document production, subpoenas, or otherwise. Any Party, including counsel for the Party and any expert or consultant for the Party, who receives Protected Material must agree to the terms of this Protective Order.

3. Any Party or, as appropriate, non-party, may designate Documents produced, or Testimony given, in connection with this action as "Confidential – Subject to Protective Order" or

4

"Attorneys' Eyes Only," either by designating by notation each page of the Document, a statement on the record of a deposition, written notice to the respective undersigned counsel for the Parties, or other appropriate means.  Regardless of how a document is designated under this paragraph, any additional export-controlled or other restrictive markings appearing on a document must also be adhered to by the Parties.

4.     Export-Control-Restricted Information.

a. The U.S. Export Control Laws and regulations and the DFARS make it imperative that Export-Control-Restricted Information is handled in such a way that violation of the various controls on handling and dissemination of such information does not take place. Specifically, Export-Control-Restricted Information may not be exported, re-exported, temporarily imported, transferred, or retransferred to any non-U.S. Person, country, or entity, by any means, without the requisite approval of the U.S. Department of State, Directorate of Defense Trade Controls ("DDTC") for International Traffic in Arms Regulations ("ITAR") Restricted materials, and the U.S. Department of Commerce, Bureau of Industry and Security ("BIS") for Export Administration Regulations ("EAR") Restricted materials. These restrictions also apply to United States citizens and permanent residents employed by a company or organization that falls within the definition of "foreign person." See ITAR, 22 C.F.R. § 120.16. United States persons employed by such a foreign organization or company may also not be eligible to receive ITAR-controlled information absent authorization from the DDTC or EAR-controlled information absent an authorization from the BIS.

b. Export-Control-Restricted Information containing technical data under the ITAR or EAR must be protected from export or transfer to unauthorized foreign persons, whether located inside or outside the United States. These restrictions apply to any foreign person, as defined under the export-control laws and regulations, that may be employed by law firms, consultants, or any other third party involved in this dispute and who lack authorization to receive such materials. The furnishing of technical assistance (including the disclosure or release of export-controlled technical data) may constitute a "defense service" and require authorization from the appropriate government agency.

c. In any instance where a Party or non-party produces Export-Control-Restricted Information, the Receiving Party shall not transfer, carry, or send such information to a location outside the United States, except as permitted by United States law, nor otherwise share such information with any person not authorized to receive such information. Any disclosure of produced export controlled technical data, or furnishing of technical assistance without a required authorization, may constitute an export violation, which may require disclosure to the U.S. Department of State.

d. Counsel shall take all necessary steps to ensure that any Export-Control-Restricted Information will only be provided to, or accessible by, U.S. Persons serving as expert or fact witnesses, or acting on behalf of Counsel as employees, contractors, vendors, or other service providers on a need-to-know basis. Additionally, Counsel shall take all necessary steps to ensure that (i) access to these Documents will be restricted to U.S. Persons (as defined by ITAR, 22

C.F.R. §120.62 and EAR Part 772), (ii) these Documents will not be exported to foreign persons or foreign countries, and (iii) no technical assistance directly related to controlled defense articles or other commodities will be provided to foreign persons or foreign countries. Counsel will securely maintain Export-Control-Restricted Documents in an access-controlled online repository accessible only to U.S. Persons, minimize printing and hard copy storage of Export-Control-Restricted Information, and maintain any print copies in marked folders that are, when unattended, stored in locked cabinets or offices to which only U.S. Persons have access.

e.  Any Party or non-party may designate information, Documents, or deposition Testimony produced in this Action as Export-Control-Restricted if such Party or non-party has a reasonable and good faith belief that such information, Documents, or Testimony may contain ITAR, EAR, or DFARS restricted materials.  Any information supplied in documentary or other tangible form may be designated Export-Control-Restricted by the Producing Party by marking or stamping on each page of such Document, transcript, or exhibit, or on the face of such thing in a manner that will not interfere with its legibility, the legend Export-Control-Restricted.  In the case of documents already marked as subject to export controls in their native format, a Party may produce them without additional designations, and any failure to provide additional designations will not relieve a Party to adhere to the export controls.  A Party or non-party may designate previously-produced information Export-Control-Restricted by informing the Receiving Party of such designation and

7

simultaneously providing replacement copies of such Export-Control-Restricted Information bearing a marking or stamping on each page of such Document, transcript, or exhibit, or on the face of such thing.

f.  In any filing with the Court, any information designated as Export-Control-Restricted shall be redacted and the Party making the filing must notify the non-filing Party and the Court in writing that the redactions have been made to prevent the unauthorized disclosure of Export-Control-Restricted Information. To the extent that the filing Party believes that the disclosure to the Court of Export-Control-Restricted information is necessary, the Parties shall meet and confer about ways to limit such disclosure in compliance with the requirements of ITAR, EAR, and DFARS. In any methods selected by the Parties, the Party designating the information as Export-Control-Restricted Information shall provide reasonable instruction to the Court regarding the requirements of ITAR, EAR, and DFARS to ensure compliance with federal rules in accessing the Export-Control-Restricted Information. No Party may file Export-Control-Restricted Information under seal without leave of Court and without complying with Paragraph 11.

g.  Any use of Export-Control-Restricted Information at trial shall be governed by the orders of the trial judge. Before any such use at trial the offering party must advise the Court that it plans to use Documents that are governed by a protective order associated with U.S. Export Control Laws and DFARS Laws.

5.  Controlled Unclassified Information.

a. To the extent that Controlled Unclassified Information needs to be filed with the Court or used at trial, the Parties agree to alert the Court to this ahead of time and work in good faith to implement appropriate procedures for the protection of such information.

6. Confidential Information

a. The Receiving Party may notify the Producing Party in writing at any time that the Receiving Party does not concur in the designation of a Document or other material as "Confidential – Subject to Protective Order." The notice shall identify the information in question and shall specify in reasonable detail the reason or reasons for the objection. If after the Parties confer regarding the informal challenge to the designation, the Receiving Party still believes that the designation should be withdrawn or modified, the Receiving Party may move the Court for an order to lift the applicable confidentiality protection on those portions of the Confidential Information about which the parties disagree. If such motion is filed, the Documents or other materials shall be deemed Confidential Information unless and until the Court rules otherwise. Notwithstanding anything to the contrary in this stipulation, the Party asserting the designation of "Confidential – Subject to Protective Order" bears the burden of establishing the basis for its designation of Documents or information as Confidential Information.

7. Attorneys' Eyes Only Information

a. The Receiving Party may notify the Producing Party in writing at any time that the Receiving Party does not concur in the designation of a Document or other

9

material as Attorneys' Eyes Only Information. The notice shall identify the information in question and shall specify in reasonable detail the reason or reasons for the objection. If after the Parties confer regarding the informal challenge to the designation, the Receiving Party still believes that the designation should be withdrawn or modified, the Receiving Party may move the Court for an order to lift the applicable confidentiality protection on those portions of the Attorneys' Eyes Only Information about which the parties disagree. If such motion is filed, the Documents or other materials shall be deemed Attorneys' Eyes Only unless and until the Court rules otherwise. Notwithstanding anything to the contrary in this stipulation, the Party asserting the designation of Attorneys' Eyes Only Information bears the burden of establishing the basis for its designation of Documents or information as Attorneys' Eyes Only Information.

8.     Restrictions on the Disclosure of Protected Material

a.  Protected Material shall be maintained in confidence pursuant to this Order and any applicable statutes or regulations, and shall be disclosed only to the persons and entities identified below.

b.  Confidential Information. Unless otherwise ordered by the Court or permitted in writing by the Producing Party, a Receiving Party may disclose any information or item designated "Confidential – Subject to Protective Order" only to:

1)  the Court, Court personnel, and stenographic and video reporters engaged in proceedings incident to this litigation;

10

2) outside counsel of record for a party, associates, legal assistants or regular employees or outside contractors (such as document copying services, document coding or computerization service, or graphics design service) of outside counsel of record, and in-house counsel for a party to the extent that in-house counsel is engaged in prosecution or defense of this action;

3) a party, a witness, or the employees, officers, directors, and authorized representatives of a party or a party's affiliate, provided that counsel of record for that party determines in good faith that such disclosure is reasonably necessary for the prosecution or defense of this action and provided that such person signs an undertaking in the form of Exhibit 1 hereto;

4) independent experts or consultants engaged by counsel of record or a party to assist in this litigation and for whom the procedures set forth in paragraph 9, below, have been followed, provided that counsel of record for that party determines in good faith that such disclosure is reasonably necessary for the prosecution or defense of this action and further provided that such expert or consultant signs an undertaking in the form of Exhibit 1 hereto prior to such disclosure; provided however, that no experts or consultants may receive or review Confidential Information if such experts or consultants could be considered a competitor (or working with a competitor) of the Producing Party (unless the Producing Party consents in writing after advance notice);

11

5) any author, recipient, or Producing Party of such Confidential Information including former employees or agents of the Producing Party, provided that, in the case of former employees or agents of the Producing Party, such person signs an undertaking in the form of Exhibit 1 hereto; and

6) any other person designated by the Court, upon such terms as the Court may deem proper, or agreed to by written stipulation of the parties.

c. Attorneys' Eyes Only Information. Unless otherwise ordered by the Court or permitted in writing by the Producing Party, a Receiving Party may disclose any information or item designated "Attorneys' Eyes Only" only to:

1) the Court, Court personnel, and stenographic and video reporters engaged in proceedings incident to this litigation;

2) outside counsel of record for a party, associates, legal assistants or regular employees or outside contractors (such as document copying services, document coding or computerization service, or graphics design service) of outside counsel of record assigned to and necessary to assist such counsel in the preparation and trial of this litigation, and in-house counsel for a party to the extent that in-house counsel is engaged in prosecution or defense of this action and not involved in competitive decision-making;

3) independent experts or consultants engaged by outside counsel of record to assist in this Litigation and for whom the procedures set forth in paragraph 9, below, have been followed, provided that outside counsel

of record for that party determines in good faith that such disclosure is reasonably necessary for the prosecution or defense of this action and further provided that such expert or consultant signs an undertaking in the form of Exhibit 1 hereto prior to such disclosure; provided however, that no experts or consultants may receive or review materials designated as "Attorneys' Eyes Only" if such experts or consultants could be considered a competitor (or working with a competitor) of the Producing Party (unless the Producing Party consents in writing after advance notice);

4) any author, recipient, or Producing Party of such materials designated as "Attorneys' Eyes Only" including former employees or agents of the Producing Party;

5) any other person designated by the Court, upon such terms as the Court may deem proper, or agreed to by written stipulation of the parties; and

d. Plaintiff may disclose to John Justak of ATGI technical documents related to the APG designated by the Producing Party as "Attorney's Eyes Only," provided that Mr. Justak signs an undertaking in the form of Exhibit 1 hereto prior to such disclosure. However, if there are materials produced under an "Attorney's Eyes Only" designation that the Producing Party believes to be of such sensitivity that Mr. Justak should not be shown the materials, the Producing Party shall designate them as "Attorney's Eyes Only – No Justak". Any such designated documents will be subject to the remaining restrictions

13

and provisions for "Attorney's Eyes Only" documents in this Order, including the conferral and objection procedures in Paragraph 7, above.

9.      A Party that seeks to disclose information that has been designated Confidential Information or Attorneys' Eyes Only Information to an independent consultant or expert first must make a written request to the Producing Party that includes the signed undertaking in the form of Exhibit 1, a curriculum vitae of the consultant or expert, including a list of other cases in which the individual has provided a report or testified (at trial or deposition) and a list of companies that the individual has been employed by or provided consulting services to within the last four years and a brief description of the subject matter of the consultancy or employment.  The Producing Party shall have seven (7) days to object in writing to the disclosure of Protected Material to the consultant or expert.  The Parties agree to promptly confer and use good faith to resolve any such objection.  If the Parties are unable to resolve any objection, the objecting Party may file a motion with the Court within fifteen (15) days of receipt of the request, or within such other time as the Parties may agree, seeking a protective order with respect to the proposed disclosure.  The objecting Party shall have the burden of proving the need for a protective order.  No disclosure shall occur until all such objections are resolved by agreement or Court Order.

10.     Definitions of terms used in this stipulation do not:

a.  apply to information that was or becomes public knowledge not in violation of this Order;

b.  apply to information acquired by the non-designating party from a third party having the right to disclose such information or material;

c.  restrict a Producing Party from using Documents that it drafted or created in any way;

14

d.   prevent disclosure of any Document to its original author or original recipient; or

e.   prevent modification of any designation on written consent of the Producing Party without further decision of the Court.

11.    Protected Material shall be utilized by the Receiving Party and his or its counsel only for purposes of this litigation and for no other purposes.

12.    All depositions shall presumptively be treated as Attorneys Eyes Only Information and subject to this Stipulation during the deposition and for a period of thirty (30) days after a transcript of said deposition is received by counsel for each of the Parties. At or before the end of such thirty-day period, the deposition (in all or in part) shall be categorized appropriately.

13.    Should the need arise for any Party or, as appropriate, non-party, to disclose Protected Material during any hearing or trial before the Court, including through argument or the presentation of evidence, that Party or, as appropriate, non-party, may do so only after taking such steps, if any, that the Court, following a motion by the Producing Party, shall deem necessary to protect such Protected Material from disclosure to unauthorized recipients.

14.    A Party may designate as Protected Material subject to this Stipulation any Document, information, or deposition Testimony produced or given by any non-party to this case, or any portion of such materials or information. In the case of Documents produced by a non-party, designation shall be made by notifying all counsel in writing of those Documents, which are to be stamped and treated as such at any time up to fifteen (15) days after actual receipt of copies of those Documents by counsel for the Party asserting the confidentiality designation. In the case of deposition Testimony, designation shall be made by notifying all counsel in writing of those portions which are to be stamped or otherwise treated as such at any time up to fifteen (15) days

15

after the transcript is received by counsel for the Party (or, as appropriate, non-party) asserting the confidentiality. Prior to the expiration of such fifteen (15) day period (or until a designation is made by counsel, if such a designation is made in a shorter period of time), all such Documents and Testimony shall be treated as Confidential Information.

15.    Use of Protected Material

a.  In the event that any of the Parties chooses to use or introduce Protected Material in a pleading filed with this or any court, in a hearing, or at trial, that Party must take steps to ensure that the Protected Material remains confidential. Any Receiving or Producing Party who seeks to file any material—including but not limited to pleadings, motion/application papers, affidavits, memoranda, briefs, and exhibits—to the Court using Documents or Testimony which have previously been designated as comprising or containing Protected Material, or which reproduces, paraphrases, or discloses Protected Material (Filing Party), shall confer in good faith with the Producing Party to determine whether the designation can be removed or the Document redacted. If no agreement is reached, the Filing Party must seek leave to file the Protected Material under seal.

b.  With the exception of Export-Control-Restricted Information or CUI, in the event the Court denies the request to file said Protected Material under seal, and the party does not seek reconsideration or otherwise appeal the denial, then such Protected Material may be placed in the public record, unless such disclosure would violate any rule or regulation governing the handling of such information.

16

c.  If the motion to seal or redact is granted in whole or in part, or denied, the Parties shall ensure that all Documents that are the subject of the order to seal or redact are properly filed in accordance with the procedures that govern the filing of sealed or redacted Documents.

16.    Any person receiving Protected Material shall not reveal or discuss such information to or with any person not entitled to receive such information under the terms of this Stipulation and shall use reasonable measures to store and maintain the Protected Material to prevent unauthorized disclosure.

17.    The inadvertent production of Protected Material that is not designated as "Confidential – Subject to Protective Order," or "Attorneys' Eyes Only" shall not be deemed a waiver in whole or in part of a claim for confidential treatment and shall be without prejudice to any claim that such Protected Material should be designated as such. Any Document or information that may contain Protected Material that has been inadvertently produced without identification as to its protected nature may be so designated by the Party asserting the confidentiality designation by written notice to the undersigned counsel for the Receiving Party identifying the Document or information as "Confidential – Subject to Protective Order," or "Attorneys' Eyes Only" within a reasonable time following the production from which the Document or information was disclosed without such designation.

18.    The inadvertent production of material containing information that is protected from discovery by the attorney-client privilege, attorney work product doctrine, common interest doctrine, and/or any other applicable privilege or immunity shall not be deemed a waiver in whole or in part of a claim that such materials are subject to the applicable privilege(s) and/or protection(s). If the Producing Party provides notice to the Receiving Party that it considers a

17

Document it produced to contain or constitute material subject to attorney-client privilege, work-product immunity, or other applicable privilege or immunity, the Receiving Party shall (a) use reasonable efforts to retrieve any copies of the Document, including those disseminated to third parties; and (b) either (i) return all copies of the Documents in its possession to the Producing Party; (ii) notify the Producing Party that all copies of the Document in its possession have been destroyed; or (iii) notify the Producing Party in writing that it will contest the Producing Party's claim that the Document is subject to attorney-client privilege, work-product immunity, or other applicable privilege or immunity.

19.     Extracts and summaries of Protected Material shall also be treated as protected in accordance with the provisions of this Stipulation.

20.     The production or disclosure of Protected Material shall in no way constitute a waiver of each Producing Party's right to object to the production or disclosure of other information in this action or in any other action. Nothing in this Stipulation shall operate as an admission by any Party or non-party that any particular Document or information is, or is not, protected. Failure to challenge a Protected Material designation shall not preclude a Party or non-party from making a subsequent challenge as to those Documents or information.

21.     This Stipulation is entered without prejudice to the right of any Party or non-party to seek relief from, or modification of, this Stipulation or any of its provisions by properly-noticed motion to the Court, or to challenge any designation of confidentiality as inappropriate under the applicable law.

22.     This Stipulation shall continue to be binding after the conclusion of this litigation; however, there shall be no restriction on Documents that are used as exhibits in Court unless, and only insofar as, such exhibits were sealed or redacted pursuant to an order of the Court. Further,

nothing in this Stipulation prevents a Receiving Party from seeking the written permission of the Producing Party, or further order of the Court, to dissolve or modify the Stipulation. The provisions of this Stipulation shall, absent prior written consent of the Parties, continue to be binding after the conclusion of this action.

23.    Nothing in this Stipulation shall be deemed to waive any privilege recognized by law or shall be deemed an admission as to the admissibility in evidence of any facts or Documents revealed in the course of disclosure.

24.    Within sixty (60) days after the final termination of this litigation by settlement or exhaustion of all appeals, all Confidential Information or Attorneys' Eyes Only Information produced or designated, and all reproductions of such materials, shall be returned to the Producing Party or, at the Receiving Party's option, shall be destroyed. In the event that any Receiving Party chooses to destroy physical objects and Documents, that Receiving Party shall certify in writing within sixty (60) days of the final termination of this litigation that it has undertaken its best efforts to destroy such physical objects and Documents, and that such physical objects and Documents have been destroyed to the best of its knowledge. Notwithstanding anything to the contrary, counsel of record for the Parties may retain one copy of Documents constituting work product, a copy of pleadings, motion papers, discovery responses, deposition transcripts, and deposition and trial exhibits, as long as such retention is consistent with any other governmental restrictions. Nothing in this Stipulation shall prohibit or interfere with the ability of counsel for any Receiving Party, or of experts specially retained for this case, to represent any individual, corporation or other entity adverse to any Party or nonparty or their affiliate(s) in connection with any other matter.

25.    If a Receiving Party is called upon to produce Protected Material in order to comply with a court order, subpoena, or other direction by a court, administrative agency, or legislative

body, the Receiving Party from which the Protected Material is sought shall (a) give written notice to the counsel for the Producing Party within five (10) business days of receipt of such order, subpoena, or direction, and (b) give the Producing Party five (5) business days to object to the production of such Protected Material, if the Producing Party so desires. Notwithstanding the foregoing, nothing in this paragraph shall be construed as requiring any Party to this Stipulation to subject itself to any penalties for noncompliance with any court order, subpoena, or other direction by a court, administrative agency, or legislative body.

26.    The parties do not anticipate that the production of computer source code will be necessary in this case.  In the event that such production becomes necessary, the parties will work in good faith to address any additional requirements needed for the protection of source code.

27.    This Stipulation may be changed by further order of this Court and is without prejudice to the rights of a Party to move for relief from any of its provisions, or to seek or agree to different or additional protection for any particular material or information.

**Dated**:   December 8, 2025

Respectfully Submitted,

> Notwithstanding any of the foregoing provisions, the parties must comply with the procedures set forth in Rule 5 of the Undersigned's Individual Rules of Practice in Civil Cases when filing, or seeking to file, any submission in redacted form or under seal.

| | |
|---|---|
| */s/ Andrew George* | */s/ William C. Bergmann* |
| Andrew George | William C. Bergmann |
| | |
| Michael Calhoon | William C. Bergmann |
| Andrew George | Charles C. Carson |
| Bethany Labrinos | **BAKER & HOSTETLER, LLP** |
| **Bourelly, George + Brodey PLLC** | 1050 Connecticut Avenue, NW |
| 1050 30th Street NW | Suite 1100 |
| Washington, D.C. 20007 | Washington, DC 20036-5304 |
| (202) 841-4039 | Telephone: 202.861.1500 |
| (202) 341-8805 | Facsimile: 202.861.1783 |
| (845) 633-4240 | wbergmann@bakerlaw.com |
| michael.calhoon@bgblawyers.com | ccarson@bakerlaw.com |
| andrew.george@bgblawyers.com | |

bethany.labrinos@bgblawyers.com

*Attorneys for Advanced Technologies Group, Inc.*

John Siegal
45 Rockefeller Plaza
New York, New York 10111
Telephone: 212-589-4200
Facsimile: 212-589-4201
jsiegal@bakerlaw.com

*Attorneys for Defendant L3Harris Technologies, Inc. f/k/a L3 Technologies, Inc.*

SO ORDERED.

**Dated**: December 9, 2025

HON. VALERIE CAPRONI
UNITED STATES DISTRICT JUDGE

21

# Exhibit 1

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| ADVANCED TECHNOLOGIES GROUP, INC.,<br><br>              Plaintiff,<br><br>    v.<br><br>L3HARRIS TECHNOLOGIES, INC. F/K/A L3 TECHNOLOGIES, INC.,<br><br>              Defendant. | Case No. 25-cv-06650-VEC |

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the U.S. District Court for the Southern District of New York on [date] in the above captioned case.

I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I attest that I am a U.S. person as that is defined at 22 C.F.R. § 120.62.

I further agree to submit to the jurisdiction of the U.S. District Court for the Southern District of New York for the limited purpose of enforcing the terms of this Stipulated Protective Order, and for no other purpose, even if such enforcement proceedings occur after termination of this action.

Date: _____

City and State where sworn and signed: _____

Printed name: _____