UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ADVANCED TECHNOLOGIES GROUP, INC.,

Plaintiff,

-against-

L3HARRIS TECHNOLOGIES, INC.,

Defendant.

25-CV-06650 (VEC) (RFT)

**ORDER**

**ROBYN F. TARNOFSKY, UNITED STATES MAGISTRATE JUDGE:**

Pending before the Court is the parties' joint letter-motion to seal certain documents. (ECF 76.) The following documents supporting Defendant's application to hold certain documents on an attorneys'-eyes-only ("AEO")/"No Justak" basis are at issue:

- Three exhibits to Defendant's application to hold certain documents on an AEO basis, one of which was designated as AEO by Plaintiff (ECF 74-1) and two of which were designated as Confidential by Plaintiff (ECF 74-2, -3). Plaintiff designated ECF 74-1 as confidential on the ground that it includes confidential information about Plaintiff's ram-air turbine ("RAT") design; Plaintiff designated ECF 74-2 as confidential on the ground that it contains confidential information about Plaintiff's work on the Next-Generation Jammer-Low Band ("NGJ-LB") program; and ECF 74-3 is an email with attachments, including technical and financial data shared with a potential purchaser of Plaintiff, which Plaintiff has designated as confidential.

Additionally, the following documents supporting Plaintiff's opposition to Defendant's application to hold certain documents on an AEO/No Justak basis are at issue:

- The unredacted version of Plaintiff's letter-brief in opposition to Defendant's application to hold certain documents on an AEO basis (ECF 77), which appears on the docket in redacted form at ECF 75; the redacted version of the brief contains redactions to images of ATGI and CFD Research's ("CFDR") respective RAT designs and some technical descriptions and terminology used to explain the RAT designs.

- Four exhibits to Plaintiff's opposition, each of which contains export controlled restricted information; Defendant designated one of these documents (ECF 77-1) as AEO on the ground that it contains confidential information about CFDR's RAT design,; Defendant designated two of these documents (ECF 77-2; ECF 77-3) as confidential on the ground that

they contain confidential information about Defendant's air-driven power generator ("APG") design; and Plaintiff designated one of these documents (ECF 77-4) as confidential on the ground that it contains confidential information about Plaintiff's APG design.

- The unredacted version of an exhibit to Plaintiff's opposition (ECF 77-5), which Plaintiff has designated as AEO on the ground that it contains Mr. Justak's notes from reviewing documents in Defendant's clean room. The redacted version appears on the docket at ECF 75-8.

**Legal Standard**

There is a presumption of public access to judicial documents, and the Court must find that the presumption has been overcome before sealing a document. *See Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-20 (2d Cir. 2006).[1] The Second Circuit has set out a three-step test for determining whether the presumption of public access has been overcome: first, the court determines whether the documents are "judicial documents" as to which both a common law and a constitutional presumption of public access applies; second, if the documents are judicial documents, the court determines the "weight" of the presumption of public access; and finally, the court must "balance competing considerations against [the presumption of access]," including "privacy interests of those resisting disclosure." *Id*. at 119-20.

For documents to qualify as "judicial documents," they "must be relevant to the performance of the judicial function and useful in the judicial process." *Id*. at 119. A document is "relevant to the performance of the judicial function if it would reasonably have the tendency to influence a district court's ruling . . . ." *In re Arida, LLC*, No. 19-MC-0522 (PKC), 2020 WL

---

[1] Unless stated otherwise, this order omits internal quotation marks, citations, and quotations from quoted text.

8513844, at *1 (S.D.N.Y. Dec. 23, 2020) (quoting *Brown v. Maxwell*, 929 F.3d 41, 49 (2d Cir. 2019)). If a party proposes to seal "judicial documents," the court determines how much weight to assign to the presumption of access. *See Lugosch*, 435 F.3d at 119. The court then assesses whether the party seeking sealing demonstrated that there are "countervailing factors," "competing considerations," or "higher values" sufficient to overcome the presumption of access. *Id*. at 120, 124.

Courts have often held that the interest of businesses in maintaining the confidentiality of sensitive business information is a competing consideration sufficient to outweigh the public's presumption of access and have sealed portions of the record as a result. *See, e.g., Encyclopedia Brown Prods., Ltd. v. Home Box Off., Inc*., 26 F. Supp. 2d 606, 612 (S.D.N.Y. 1998) (collecting cases).

**<u>Analysis</u>**

The parties argue that the materials they seek to seal are likely not judicial documents, because they pertain to a discovery dispute and not the merits of the litigation. (*See* ECF 76, Letter-Mot. To Seal at 2 (citing *Brown v. Maxwell*, 929 F.3d 41, 50 (2d Cir. 2019)).) While I do not agree that *Brown* stands for the proposition that documents submitted in connection with discovery disputes are not judicial documents, "the presumption of public access in filings submitted in connection with discovery disputes . . . is generally somewhat lower than the presumption applied to material introduced at trial, or in connection with dispositive motions such as motions for dismissal or summary judgment." *Brown*, 929 F.3d at 50. Materials submitted in connection with a discovery dispute "play only a negligible role in the performance of Article III duties," and the presumption of access to them is accordingly low. *Id.* at 49-50.

On the other side of the balance, the parties point out that the materials they seek to seal contain information that Plaintiff and CFDR assert are competitively sensitive. (*See* ECF 76, Letter-Mot. To Seal at 3.)

Because the presumption of access to the documents in question in connection with the discovery motion before the Court is low, the presumption is outweighed by the parties' assertions of confidentiality. Accordingly, the parties' letter-motion to seal (ECF 76) is **GRANTED**.[2]

* * * * *

The Clerk of Court is respectfully requested to (a) permanently seal ECF 74 (including exhibits thereto), with access only to Plaintiff, Defendant, and Court personnel; (b) permanently

[2] While these materials will remain sealed because of the negligible presumption of access they are afforded in connection with the adjudication of the parties' discovery dispute, I do not mean to suggest that the same materials will be sealed at a different stage of this case if other considerations demand that public disclosure is warranted. *See, e.g., Kewazinga Corp. v. Google LLC*, No. 20-CV-1106 (LGS), 2024 WL 4558070, at *2 n.2 (S.D.N.Y. Oct. 21, 2024) ("While this Order grants the parties' motions to redact specific information in their filings about the parties' confidential business and legal strategies because of the parties' legitimate privacy interests in their proprietary business information, that does not mean that the same information, if admissible, will not be disclosed at trial, where there is a heightened public interest in disclosure.").

seal ECF 77 (including exhibits thereto), with access only to Plaintiff, Defendant, and Court personnel; and (b) terminate ECF 76.

DATED: September 30, 2026
New York, NY

SO ORDERED.

______________________________
**ROBYN F. TARNOFSKY**
**United States Magistrate Judge**